**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTH DISTIRCT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| **MARION WILLIS,** | ) | |
| | ) | |
| **PLAINTIFF,** | ) | |
| | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO.:** |
| | ) | |
| **ANY TEST, P.C.,** | ) | **JURY TRIAL REQUESTED** |
| | ) | |
| **DEFENDANT.** | ) | |
| | ) | |

**COLLECTIVE ACTION COMPLAINT**

NOW COMES, Plaintiff, Marion Willis, for herself and all those similarly situated had hereby files this action pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. §201 *et seq.* (hereinafter "FLSA"), seeking payment for unpaid wages, overtime wages, and liquidated damages for Defendant's violation of the FLSA. Plaintiff further seeks reasonable attorneys' fees, costs and interest pursuant to 29 U.S.C. §216(b). Plaintiff states the following as her Collective Actions Complaint in this matter:

## I. JURISDICTION AND VENUE

1.

Jurisdiction is conferred upon this Court by 29 U.S.C. §216(b) of the Fair Labor Standards Act, by 29 U.S.C. §1331, this action arising under the laws of the

United States, and by 28 U.S.C. §1337, this action arising under an act of Congress regulating commerce.

2.

Venue in this Court is proper pursuant to 28 U.S.C. §1391(b).

3.

Based upon Plaintiff's information and belief, Defendant, Any Test, P.C., is a domestic professional corporation registered in the State of Georgia.

4.

The cause of action set forth in this Complaint arose within this jurisdiction.

## II. PARTIES

5.

The Plaintiff, Marion Willis, is an adult resident citizen of Dekalb County, Georgia.

6.

At all times relevant to this Complaint, Plaintiff was a "covered employee" as defined by 29 U.S.C. §203(e)(1).

7.

At all times relevant, Defendant employed the Plaintiff to perform labor for its benefit in this District, and Defendant made employment and compensation related decisions regarding the Plaintiff.

8.

At all times relevant hereto, Plaintiff suffered and/or was permitted to work for the benefit of the Defendant.

9.

Defendant lists its principal office address as 2520 Windy Hill Road, Suite 201, Marietta, Georgia, 30067. Upon information and belief, Defendant is a domestic professional corporation conducting business within the State of Georgia and within this district.

10.

Defendant business includes but is not limited to selling and providing lab test to consumers, including but not limited to blood test, DNA tests and drug and alcohol tests.

11.

Defendant is engaged in interstate commerce for purposes of the FLSA.

12.

Upon information and belief, Defendant's gross sales are in excess of $500,000 per year.

13.

Defendant directs its employees to individually engage in interstate commerce.

14.

Plaintiff as part of her job duties regularly engages in interstate commerce.

15.

Defendant is an employer within the meaning of 29 U.S.C. §203(d) and is not exempt from the FLSA.

## III. FACTUAL ALLEGATIONS

16.

Plaintiff is an adult resident of the State of Georgia. Plaintiff was employed by Defendant from in or around 2007 through March 15, 2012.

17.

Plaintiff was compensated on an hourly basis by the Defendant. As an hourly employee, Plaintiff was entitled to full pay for each hour worked and overtime for any time over forty (40) hours per week.

18.

Plaintiff was employed in a position that involved interstate commerce as defined by the FLSA and/or employed in an enterprise engaged in interstate commerce.

19.

During Plaintiff's employment with the Defendant as an hourly employee,

Defendant failed to compensate Plaintiff for all hours that were worked, including overtime hours worked.

20.

Defendant required and directed Plaintiff, and other similarly situated employees, to perform duties, including but not limited to “key drops”, “off the clock” for its benefit.

21.

During Plaintiff's employment with the Defendant as an hourly employee, Defendant failed to compensate Plaintiff for time worked “off the clock” for the benefit of the Defendant.

22.

Defendant instructed Plaintiff, and other similarly situated employees, to work “off the clock” and willfully failed to compensate Plaintiff, and other similarly situated employees, for all hours worked.

23.

Defendant willfully failed to compensate Plaintiff, and other similarly situated employees, by paying only straight time for hours worked in excess of forty (40) hours.

24.

Defendant has willfully failed to comply with the overtime provisions of the

FLSA, 29 U.S.C. §207, specifically, by failing to pay Plaintiff at the premium overtime rate for each hour over forty (40) hours they worked per week.

25.

Defendant has willfully failed to comply with the minimum wage provisions of the FLSA, 29 U.S.C. §207, specifically, by failing to pay Plaintiff, and others similarly situated for all hours worked.

26.

Defendant has failed to keep accurate time records for the Plaintiff, and other similarly situated employees, in conformity with the FLSA.

27.

Defendant failed to properly post the Department of Labor wage and hour notices in conspicuous places as required by 29 C.F.R. §516.4.

28.

Defendant knowingly, intentionally, willfully and recklessly failed to pay the Plaintiff, and other similarly situated employees, in conformity with the requirements of the FLSA.

29.

This action is brought to recover unpaid compensation, in the form of wages, for hourly employees who performed work involving interstate commerce and/or work for an enterprise engaged in interstate commerce without being paid for it

and/or without being paid the premium for hours worked in excess of forty (40) per week.

30.

Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendant has had a uniform policy and practice of consistently requiring its employees to work "off the clock" after clocking out and not receiving any compensation for the time worked, including not receiving the overtime premium.

31.

Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendant has had a uniform policy and practice of consistently failing or refusing to pay the overtime premium for hours worked in excess of forty (40) hours in a week.

32.

For at least three (3) years, Defendant has been aware of the requirements of the FLSA, the Department of Labor's regulations, and its own violations of the FLSA. Despite this knowledge, Defendant failed to pay its employees the amount of pay as required by law.

33.

Defendant has intentionally and repeatedly directed its employees to

underreport hours worked to create a record that reflected the employees were working less hours then actually worked.

34.

As a result of these actions, Defendant fraudulently concealed the true hours worked by its employees and the applicable statute of limitations is tolled for as long as Defendant engaged or engages in the fraudulent and misleading conduct set forth above, which is a period of at least seven (7) years. Defendant is estopped from raising such statute of limitations as a bar to full recovery.

35.

There are numerous similarly situated hourly employees and former hourly employees of Defendants who have been improperly compensated in violation of the FLSA, and would likewise benefit from the issuance of Court Supervised Notice of this case as well as an opportunity to join the present case.

36.

As a result of the Defendant's violation of the FLSA, Plaintiff, as well as other similarly situated employees, has suffered damages by failing to receive compensation due in accordance with the FLSA.

37.

Plaintiff, and all similarly situated employees, are entitled to the amount of unpaid wages and are also entitled to recover an additional equal amount as

liquidated damages pursuant to the FLSA and prejudgment interest.

38.

Defendant has not made a good faith effort to comply with the FLSA.

39.

Plaintiff, and other similarly situated employees, are entitled to an award of attorneys' fees under the FLSA.

40.

Plaintiff has no plain, adequate or complete remedy to redress the allegation contained herein and this suit for lost wages, back-pay, and declaratory judgment and injunctive relief is the only avenue to secure adequate relief.

41.

The current hourly employees employed by the Defendant will continue to suffer irreparable injury from Defendant's unlawful and willful conduct unless enjoined by this Court.

## IV. COUNT ONE: COLLECTIVE ACTION CLAIMS FOR VIOLATIONS OF THE FLSA - FAILURE TO PAY OVERTIME

42.

Plaintiff incorporates by reference paragraphs 1 – 41 as if full set forth herein.

43.

The Defendant has willfully failed to compensate Plaintiff, and other similarly situated hourly employees, for overtime hours worked during their employment at the premium rate.

44.

Defendant, by such failure, has willfully violated the minimum wage provisions of the FLSA.

45.

Defendant has failed to keep adequate records of all time worked by the Plaintiff.

46.

Defendant, by such failure, has willfully violated the overtime provisions of the FLSA.

**WHEREFORE**, Plaintiff prays that this Honorable Court enter judgment in favor for:

A. Payment of all wages Plaintiff should have received under the FLSA, but for Defendant's willful violation;

B. Payment of an equal amount of liquidated damages and interest pursuant to the FLSA;

C. Such other legal and equitable relief including but not limited to, any injunctive and/or declaratory relief, to which they may be entitled.

D. All reasonable costs and attorneys' fees pursuant to the FLSA.

## V. COUNT TWO: COLLECTIVE ACTION CLAIMS FOR VIOLATIONS OF THE FLSA - FORCED "OFF THE CLOCK" WORK

47.

Plaintiff incorporates by reference paragraphs 1 – 46 as if fully set forth herein.

48.

Defendant willfully failed to compensate the Plaintiff for all time worked and forced employees to work "off the clock".

49.

Defendant has failed to keep adequate records of all time worked by Plaintiff.

50.

Plaintiff was routinely required to work after clocking out to perform work for the benefit of the Defendant including but not limited to "key drops".

51.

Defendant has willfully violated the overtime provisions of the FLSA.

**WHEREFORE**, Plaintiff prays that this Honorable Court enter judgment in favor for:

A. Payment of all wages Plaintiff should have received under the FLSA, but for Defendant's willful violation;

B. Payment of an equal amount of liquidated damages pursuant to the FLSA;

C. Such other legal and equitable relief including but not limited to, any injunctive and/or declaratory relief, to which they may be entitled; and

D. All reasonable costs and attorneys' fees pursuant to the FLSA.

## VI. COUNT THREE: PRAYER FOR COLLECTIVE ACTION PURSUANT TO 29 U.S.C. §216(b).

52.

Plaintiff incorporates by reference paragraphs 1 – 51 as if fully set forth herein.

53.

Plaintiff brings this action for violations of the FLSA as a collective action pursuant to 29 U.S.C. §216(b), on behalf of herself and all present and former non-exempt employees of the Defendant, who worked within the three (3) years prior to the filing of this complaint.

54.

Plaintiff, and those employees similarly situated, work at a number of locations within the metropolitan Atlanta area, but are subjected to the same unlawful and willful wage policies and practice that are the subject of this complaint.

54.

Plaintiff and all those employees similarly situated have substantially similar job duties, similar pay provisions, are all subjected to similar managerial oversight, and are all subject to the same widespread pattern and practice of unlawful wage policies and procedures.

55.

Upon information and belief, there are numerous similarly situated current and former employees of the Defendant who were not compensated for all hours worked and were not paid the overtime premium for those hours in excess of forty (40) per week as set forth in this Complaint.

56.

The similarly situated employees are known to Defendant and are readily identifiable from the Defendant's employee records.

57.

There exists a common question of law and fact with regard plaintiff and all similarly situated current and former employees. Those issues include but are not limited to:

a. Whether the Defendant failed to pay overtime wages to its employees when working more than forty (40) hours in a week.

b. Whether the Defendant failed to pay regular wages to its employees when working more that forty (40) hours in a week.

c. Whether the Defendant forced its employees to work "off the clock" including but not limited for time spent on "key drops".

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated persons, in accordance with 29 U.S.C. §216(b), pray for the following relief:

A. At the earliest time, Plaintiffs be allowed to give notice, or that the Court issue such Notice to all Defendant's hourly employees in all locations during the three (3) years preceding the filing of this action, to all potential plaintiffs who may be similarly situated informing them of this action, the nature of this action, and inform them of their right to opt-in to this lawsuit if the employee or former employee worked overtime but was not paid in accordance with the FLSA;

B. Plaintiffs, and all other potential plaintiffs, be awarded damages in the

amount of each plaintiff's respective unpaid compensation and benefits, plus an equal amount of liquidated damages pursuant to the FLSA;

C. Plaintiff's and all other potential plaintiffs' reasonable attorneys' fees, costs and expenses; and

D. Such other legal and equitable relief including but not limited to, any injunctive and/or declaratory relief, to which they may be entitled.

Respectfully submitted, this 11th day of April, 2012.

*/s/ Adam P. Taylor*
Adam P. Taylor, Esq.
Georgia Bar No. 156459
Counsel for Plaintiff.

Law Offices of Adam P. Taylor, P.C.
352 Sandy Springs Circle
Suite 500
Atlanta, Georgia 30328
Telephone: (404) 437-6494
Facsimile: (404) 806-7152
Email: adamptaylor@gmail.com